# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN HOLOHAN, et al., | : | |
| Plaintiffs, | : | |
| v. | : | CIVIL ACTION |
| MID-CENTURY INSURANCE COMPANY, et al., | : | NO. 20-5903 |
| Defendants. | : | |

## ORDER

AND NOW, this 20th day of December, 2023, upon consideration of the Report and Recommendations of Special Discovery Master Honorable Thomas J. Rueter (ECF No. 49) and Plaintiff's Objections to the Special Discovery Master's Report and Recommendations (ECF No. 52), it is hereby **ORDERED** that the Report and Recommendation is **OVERRULED** as to Section B(1) and otherwise **ADOPTED**.[1]

---

[1] The Special Discovery Master submitted his Report and Recommendations on December 1, 2023, and Plaintiffs submitted their Objections on December 14, 2023. *See* ECF No. 49 & 52. Plaintiff's have three objections: (1) that it is unreasonably burdensome to compel Plaintiffs to produce a chart detailing the amount due to various medical providers; (2) that the Defendant should not be permitted to conduct discovery regarding a possible rescission defense; and (3) that there should not be a delay in disclosing the redacted materials in the claims file or in conducting bad faith discovery until after the resolution of the underinsured motorist and first party benefits claims. *See* ECF No. 49.

As this cause of action includes allegations that the Defendant failed to pay medical bills as required under the relevant insurance policy, the Court agrees with the Special Discovery Master that the Plaintiffs must detail which medical bills they are alleging were improperly denied. Additionally, the Court agrees with the Special Discovery Master that Defendant should be permitted to seek discovery regarding whether the rescission defense may be available to it in light of facts unearthed during the course of discovery. *See Amerisourcebergen Drug Corp. v. Kohll's Pharmacy and Homecare, Inc.*, 2010 WL 3768371, at *2 (E.D. Pa. Sept. 24, 2010) (finding that a party may amend its answer to raise an affirmative defense when it "did not have the benefit of certain information obtained in discovery"). Finally, the Court disagrees, and shall overrule, the Special Discovery Master's recommendation in Section B(1) of his Report and

It is **FURTHER ORDERED** that:

1. Defendant Mid-Century Insurance Company's ("Mid-Century") assertion of the work product doctrine with respect to its 2015 and 2016 Claim Files are **SUSTAINED**; Plaintiffs' objections thereto are **OVERRULED**.

2. Reserve figures and information redacted in the 2015 and 2016 Claim Files shall be produced to the extent that they are not covered by the work product doctrine.

3. Plaintiff Kevin Holohan shall provide to Mid-Century an additional authorization form from PA Horizons Counseling with all boxes on page one checked.

4. Plaintiffs shall amend their answers to both of Mid-Century's Requests for Admissions Nos. 54[2] to provide the information detailed on page 12-13 of the Report and Recommendations.

5. Plaintiffs shall review and provide amended answers to Mid-Century's Requests for Admissions Nos. 8-14, 21-22, 25-26, and 30-44 consistent with the Report and Recommendations, including stating whether counsel assisted Plaintiffs in their answers. Otherwise, Plaintiffs' objections are **SUSTAINED**.

6. Plaintiffs' objections to Mid-Century's Interrogatory No. 3 are **OVERRULED**. Plaintiffs shall provide an amended answer to Mid-Century's Interrogatory No. 3 detailing the amounts they claim Mid-Century did not pay as required by the Policy, including: the name of the provider, the amount due, the services provided, and the date the services were provided.

7. Plaintiffs' objections to Mid-Century's Interrogatory No. 6 are **SUSTAINED**.

---

Recommendations that the redacted materials in the claims file remain undisclosed until the resolution of the underinsured motorist and first party benefits claims. Instead, Defendant shall disclose those reserves not covered by the work product doctrine, with a determination as to the presentation of Plaintiffs' bad faith claims to be made at a subsequent date.

[2] Two of Mid-Century's Requests for Admissions are numbered "54."

8. Plaintiffs' objections to Mid-Century's Requests for Admissions Nos. 51-53 are **SUSTAINED**.

9. Plaintiffs' objection to Mid-Century's Interrogatory No. 9 is **SUSTAINED**. Plaintiffs shall update their answer to Interrogatory No. 9 as needed. Should Plaintiffs add as trial witnesses any attorneys, employees, or other representatives from the law firm of Haggerty Goldberg Schleifer & Kupersmith P.C., Mid-Century may be permitted to depose such individuals even if discovery is closed.

10. Plaintiffs' objections to Mid-Century's Request for Production No. 12 are **OVERRULED**. Plaintiffs shall produce documents responsive to this discovery request.

11. All responses and documents ordered herein to be provided or produced shall be provided or produced within fourteen (14) days from the date of this Order.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**